| STATE OF INDIANA | ) | IN THE WHITLEY SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF WHITLEY | ) | CAUSE NO.: 92D01-2306-CT-000618 |

B.T., a minor child, by her parent )
and legal guardian and next friend, )
D.T. )
    Plaintiff, )
     )
vs. )
     )
SMITH-GREEN COMMUNITY )
SCHOOL CORP., TERRENCE ROE, )
Principal of Churubusco High School )
in his official and individual capacities, )
NATHAN WRIGHT, Athletic Director )
of Churubusco High School in his official )
and individual capacities, )
DAVID GOODWELL, Head Varsity Women's )
Basketball Coach of Churubusco High School )
In his official and individual capacities, KASSIE )
TAKSEY, A Member of the Smith-Green )
Community School Board of Education, In )
her official and individual capacities, )
PAUL VOIGT, School Superintendent for )
Smith-Green Community Schools in his )
official and individual capacities )
    Defendants. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND ACTION FOR DAMAGES

### INTRODUCTION

1. The Principal, Athletic Director, and Head Women's Basketball Coach of Churubusco High School, with power delegated to them by the Smith-Green Community School Corporation, have retaliated against B.T. by way of refusing to allow B.T. to participate in the Women's Basketball Program based upon D.T. (B.T.'s Mother) and B.T.'s actions in reporting sexual harassment, sexual discrimination, and other improper conduct by David Goodwell and a female

1

member of his coaching staff. The retaliatory actions and policies of Goodwell were done with the knowledge and approval of the principal and the athletic director of Churubusco High School. This policy of exclusion and retaliation violates Title IX of the Education Amendments of 1972, 20 U.S.C. §1861, *et seq*. The plaintiff, by her parent and legal guardian, on her own behalf, seeks appropriate declaratory and injunctive relief. The Plaintiff also seeks compensatory damages, costs, and attorney's fees.

**PARTIES**

2. Plaintiff B.T. is a fifteen (15) year-old sophomore at Churubusco High School. B.T. lives in Whitley County, Indiana. She is an exceptional high school student who was an active member of Churubusco's Varsity Women's Basketball Team for the School Year 2022-2023. During the season she has practices and games for Churubusco High School several times per week. She also is on a Women's AAU travel basketball team which also has practices and games several times per week. Before the incidents which give rise to this action, B.T. "started" in every game for the Churubusco basketball team. B.T. brings this suit through her next friend, her mother, D.T.

3. Defendant Smith-Green Community School Corporation is located in Churubusco, Indiana, and provides public education for children in portions of Whitley and Noble Counties. The public high school operated by Smith-Green School Corporation is Churubusco High School.

4. Terrence Roe is the duly appointed principal of Churubusco High School.

5. Nathan Wright is the duly appointed Athletic Director of Churubusco High School.

6. David Goodwell is the Head Varsity Women's Basketball Coach of Churubusco High School.

7. Kassie Taksey is a member of the Smith-Green Community Schools Board of Education.

8. Paul Voigt is the superintendent of the Smith-Green Community School Corporation.

## JURISDICTION AND VENUE

9. The Court has personal jurisdiction over all parties.

10. This Court has subject matter jurisdiction.

11. Venue is proper pursuant to Indiana Trial Rule 75(A), as a substantial part of the actions giving rise to the claims set forth herein occurred in this county. Smith-Green School Corporation operates Churubusco High School in this county.

12. B.T., in compliance with Indiana Code §34-13-3-8 and Indiana Code §34-13-3-22, served notice upon all Defendants within 180 days of the incidents.

## FACTUAL ALLEGATIONS

13. B.T. is a high school sophomore who plays guard for the Churubusco Women's Basketball Team.

14. By all accounts, B.T. is an above-average player, in fact, B.T. led the team in "assists" despite only playing in seventeen (17) games this season.

15. Before the actions which gave rise to this litigation, B.T. "started" and played in

every single game for the Churubusco Women's Basketball team.

16. The high school basketball season, which begins in early November, was progressing normally until an issue that occurred during a January 5, 2023 practice.

17. During practice on January 5, 2023, B.T. tapped with her fingertips David Goodwell on the hip in a "good game" motion as a response to David Goodwell changing a song which was playing, as one would do to a teammate.

18. The exchange was recorded on videotape.

19. Coach Goodwell wrongfully characterized the event as B.T. grabbing his buttocks with both hands and that B.T. acted in an inappropriate manner.

20. Principal Roe and Nathan Wright reviewed the video of the incident and Roe confirmed that B.T. did not "grab" Goodwell's buttocks but rather "tapped" Goodwell on the side of his hip.

21. Defendant Goodwell responded with extreme anger towards B.T.

22. On January 6, 2023, Nathan Wright, in his capacity as Athletic Director of Churubusco High School, and Goodwell, held a meeting in which Goodwell accused B.T. of touching him in a sexually inappropriate manner.

23. Though B.T. apologized to Goodwell, she received a verbal warning.

24. On January 6, 2023, the very night that B.T. was given a verbal warning about her conduct, B.T. played in Churubusco's game against Fremont High School.

25. On January 7, 2023, D.T. sent an email to Principal Roe and Nathan Wright regarding multiple instances of sexually inappropriate and/or sexual harassment like-behavior with women student athletes by Goodwell and by a female assistant

coach on the Churubusco High School staff. However, this email was blocked by the school "spam filter", and Principal Roe and Nathan Wright did not receive D.T.'s email.

26. Goodwell played B.T. in the January 6th and January 10th games.

27. Up to and including January 10, 2023, B.T. had played in every game that season for Churubusco.

28. On January 11, 2023, D.T. called Principal Roe inquiring as whether he would be responding to D.T.'s January 7, 2023 email regarding multiple instances of sexually inappropriate and/or sexual harassment like-behavior with women student athletes by Goodwell and by a female assistant coach on the Churubusco High School staff. At that point, the parties realized that the email was not delivered due to the school's "spam filter."

29. January 11, 2023 was the first time Principal Roe and Nathan Wright became aware of the multiple instances of sexually inappropriate and/or sexual harassment like-behavior with women student athletes by Goodwell and by a female assistant coach on the Churubusco High School staff.

30. Beginning on January 17, 2023, Goodwell refused to play B.T. in any games.

31. Goodwell stated that he will never play B.T. again because of what she said about him and that he would not invest in anyone that attempts to have him disciplined for his actions.

32. Goodwell did not play B.T. in the last six (6) games of the season, despite B.T. playing in every single game beforehand.

33. On January 20, 2023, Goodwell remarked to an opposing coach that he would not

be playing B.T. the rest of the season, and that he would remove B.T. from the team if he was allowed to do so.

34. Goodwell has further publicly indicated that B.T. will never play another basketball game for Churubusco High School.

35. Even though D.T. wrote several emails to Principal Roe and Nathan Wright regarding Goodwell's retaliatory actions, Roe and Wright refused to stop the ongoing retaliation.

36. The Indiana High School Athletic Association requires that a high school teams' roster must be submitted for all "Sectional" play-off games. Notably, despite playing in all seventeen games before D.T. reported Goodwell and a female member of Goodwell's staff for sexual misconduct and harassment, B.T. was not added to the "Sectional" roster.

37. Immediately after the final game of the season, Goodwell removed B.T. from the Churubusco Women's Basketball Group Text Chat. To B.T.'s knowledge, no other player was removed from the Group Text Chat.

38. The Churubusco Women's Basketball team held a post-season banquet celebrating the accomplishment of the players. During the banquet awards were given to the team leaders in certain statistical categories. Despite leading the team in "assists", B.T. did not receive such an award. Rather, another player who had ten (10) less assists than B.T. received the award.

39. Mr. Goodwell has remarked to several individuals that B.T. will never play basketball at Churubusco again so long as he is the coach.

## COUNT I. VIOLATION OF TITLE IX

40. Plaintiff incorporates all of the preceding paragraphs and the facts contained therein. Plaintiff brings this Claim against Defendants SMITH-GREEN COMMUNITY SCHOOL CORP., TERRENCE ROE, Principal of Churubusco High School in his official and individual capacities, NATHAN WRIGHT, Athletic Director of Churubusco High School in his official and individual capacities, DAVID GOODWELL, Head Varsity Women's Basketball Coach of Churubusco High School, in his official and individual capacities, PAUL VOIGT, in his official and individual capacities, and KASSIE TAKSEY, in her official and individual capacities.

41. Title IX states, in pertinent part, that "no person in the United States shall, on the basis of sex, be excluded from participation, in, be denied the benefits of, or be subjected to discrimination under any educational program or activity seeking Federal financial assistance. 20 U.S. C. §1681(a).

42. A plaintiff may bring a retaliation claim under this statute as simply "another form of intentional sex discrimination encompassed by Title IX's [implied] private cause of action." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

43. Smith-Green Community School Corporation is an educational program and institution that receives federal financial assistance.

44. The named Defendants have either directly retaliated against B.T. for D.T. and B.T.'s actions in alerting the proper authorities of Goodwell and a female member of his staff's sexual harassment or otherwise sexually inappropriate behavior or

acquiesced to the retaliation occurring.

45. The Title IX regulations incorporate the requirement of Title VI regulations, which provide that "[n]o recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subpart.

46. In order to be succeed on a retaliation claim a Plaintiff must show (1) she engaged in a statutorily protected activity; (2) the Defendants took a materially adverse action against her; and (3) there existed a but-for causal connection between the two. *Milligan v. Bd. of Trs.*, 686 F.3d 378, 388 (7th Cir. 2012); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533, 186 L. Ed. 2d 503 (2013) (causation standard).

47. Here, D.T. and B.T. both engaged in a Title IX statutorily protected activity by reporting Goodwell and a female member of his staff's sexual harassment and sexually inappropriate conduct.

48. After receiving notice that D.T. and B.T. had reported Goodwell for his misconduct, Goodwell refused to allow B.T. to participate with the Churubusco's Women's Basketball Team in any scheduled games.

49. The remaining Defendants, despite receiving notice of the retaliatory acts of Goodwell, have refused to remedy the situation and thus, are complicit in the retaliation.

50. B.T. has been irreparably harmed by the Defendants' violation of Title IX.

WHEREFORE, the Plaintiff, B.T., respectfully requests this Court enter judgment in her favor and against Defendants in an amount of money to be determined at trial; enter a preliminarily injunction enjoining Defendants, their officials, agents, employees, assigns and all persons acting in concert or participating with them from precluding Plaintiff from participation in any basketball team activities at Churubusco High School including practices and games, and precluding any other retaliatory actions against B.T.; enter a permanent injunction against Defendants, their officials, agents, employees, assigns and all persons acting in concert or participating with them from precluding Plaintiff from participation in any basketball team activities at Churubusco High School including practices and games or any other retaliatory actions against B.T.; costs; attorneys' fees; and for any and all other just and proper relief in the premises

## COUNT II- DEFAMATION PER SE

49. Plaintiff incorporates all of the preceding paragraphs and the facts contained therein. Plaintiff brings this Claim against DAVID GOODWELL, Head Varsity Women's Basketball Coach of Churubusco High School, in his official and individual capacities. Plaintiff also brings this claim against KASSIE TAKSEY, a member of the Smith-Green Community Schools Board of Education in her official and individual capacities.

50. Defamation is that which tends to injure reputation or diminish esteem, respect, goodwill, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff. *Kolczynski v. Maxton Motors, Inc.*, 538 N.E.2d 275, 276 (Ind. Ct. App. 1989), In order to recover in an action for defamation, that which caused the alleged defamation must be both false and defamatory. *Id.* Moreover, a claimant must establish the basic elements of defamation, which are

as follows: (1) a communication with a defamatory imputation, (2) maliciousness, (3) publication, and (4) damages. *Furno v. Citizens Ins. Co. of America*, 590 N.E.2d 1137, 1141 (Ind. Ct. App. 1992).

51. Defamation per se involves a communication imputing: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct. *Town of W. Terre Haute v. Roach* 52 N.E.3d 4, 10 (Ind. Ct. App. 2016) The communication must be made with malice, publication, and damage. *Id.* The claimant is entitled to presumed damages as a natural and probable consequence of defamation per se. *Id.*

52. Goodwell has repeatedly defamed B.T. by stating to multiple people that B.T. grabbed his buttocks with both hands in a sexually demeaning manner.

53. Goodwell is aware that the incident was not sexually demeaning in nature, done with no ill-intent, and did not occur with two-hands but rather with one hand tapping him on the side of his hip.

54. Goodwell has continued to mischaracterize the incident which occurred causing irreparable harm to B.T.

55. Taksey has repeatedly defamed B.T. by stating to multiple people that B.T. grabbed Goodwell's buttocks with both hands in a sexually demeaning or sexually aggressive manner.

56. Despite knowing the falsity of her statements, Taksey continues to defame B.T. by refusing to stop the publication of such false statements.

57. Taksey has continued to mischaracterize the incident which occurred causing irreparable harm to B.T.

WHEREFORE, the Plaintiff, B.T. , respectfully requests this Court enter judgment in her favor and against Defendant David Goodwell and Kassie Taksey in an amount of money to be

determined at trial, costs, and attorneys' fees and for any and all other just and proper relief in the premises.

                Respectfully submitted,

*James P. Buchholz*
James P. Buchholz (#17023-02)
TOURKOW, CRELL, ROSENBLATT & JOHNSTON
127 W. Berry Street, Ste. 1200
Fort Wayne, Indiana 46802
Phone: (260) 426-0545
jbuchholz@tcrjlaw.com

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE WHITLEY SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF WHITLEY ) | | CAUSE NO.: 92D01-2306-CT-000618 |

B.T., a minor child, by her parent )
and legal guardian and next friend, )
D.T. )
    Plaintiff, )
)
vs. )
)
SMITH-GREEN COMMUNITY )
SCHOOL CORP., TERRENCE ROE, )
Principal of Churubusco High School )
in his official and individual capacities, )
NATHAN WRIGHT, Athletic Director )
of Churubusco High School in his official )
and individual capacities, )
DAVID GOODWELL, Head Varsity Women's )
Basketball Coach of Churubusco High School )
In his official and individual capacities, KASSIE )
TAKSEY, A Member of the Smith-Green )
Community School Board of Education, In )
her official and individual capacities, )
PAUL VOIGT, School Superintendent for )
Smith-Green Community Schools in his )
official and individual capacities )
    Defendants. )

## REQUEST FOR TRIAL BY JURY

COMES NOW, Plaintiff, by counsel, and prays that this cause be tried to a jury pursuant to Trial Rule 38 of the Indiana Rules of Civil Procedure.

*/s/ James Buchholz*
James P. Buchholz, #17023-02
TOURKOW, CRELL, ROSENBLATT
& JOHNSTON, LLP
127 W. Berry Street, Suite 1200
Fort Wayne, Indiana 46802
Phone: (260) 426-0545

1