UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| B.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-325-HAB |
| ) | |
| SMITH-GREEN COMMUNITY ) | |
| SCHOOL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This case is, by all appearances, a bad-faith lawsuit filed in response to a reduction in playing time by an average high school basketball player. The Court said as much when it denied Plaintiff's request for a preliminary injunction. (ECF No. 28). But that doesn't mean Plaintiff hasn't pleaded a cause of action. Because that's the only standard the Court can apply in ruling on Defendants' motion for judgment on the pleadings (ECF No. 30), that motion will be denied.

**I.     Factual Background**

The parties agree that the Court can consider the pleadings and the materials submitted in support of Plaintiff's request for a preliminary injunction. The Court has already summarized those materials, so it incorporates, by reference, the factual summary from its Opinion and Order denying Plaintiff's request for a preliminary injunction. (ECF No. 28 at 2-5).

**II.    Legal Discussion**

**A.    *Rule 12(c) Standard***

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed.R.Civ.P. 12(c). The Court reviews Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under

Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Thus, the Court must view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun and Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal quotations omitted). Even so, the Court need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law. *Id.*

**B.    *Title IX Retaliation***

Title IX prohibits educational institutions from retaliating against people who speak out against sexual harassment. *See, e.g.*, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183 (2005). To establish a claim for retaliation under Title IX, B.T. must allege that (1) she engaged in a statutorily protected activity; (2) the school took a materially adverse action against her; and (3) there existed a but-for causal connection between the two. *See Burton v. Bd. of Regents of Univ. of Wisconsin Sys.*, 851 F.3d 690, 695 (7th Cir. 2017).

Defendants do not argue that Plaintiff has not alleged the elements of Title IX retaliation. Rather, they focus on the first element, and argue that Plaintiff has not alleged "any facts from which one could reasonably discern that she had a good faith belief" that Plaintiff reported a Title IX violation. (ECF No. 31 at 9).

This argument highlights that, in a retaliation case, the complained-of conduct need not have violated Title IX. *Doe v. Univ. of Chicago*, No. 16 C 08298, 2017 WL 4163960, at *9 (N.D. Ill. Sept. 20, 2017) ("the fact that the conduct a plaintiff challenges turns out not to be sexual harassment in the legal sense does not necessarily undermine a retaliation claim"). Rather, just like in a Title VII retaliation case, Plaintiff must only have a good-faith belief that the complained-of

2

conduct was prohibited by Title IX. *Id.*, citing *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (explaining that, in the Title VII context, all that is required is a good-faith belief that the practice plaintiff opposed violated Title VII); *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 195–96 (7th Cir. 1994) (same).

It is true that the Court, in denying the preliminary injunction, found that Plaintiff was not likely to succeed on the merits of her claim. The Court determined that Plaintiff had not made the required "strong showing" that her report was made in good faith. But that's very different from a conclusion that she cannot prove good faith. The existence, or not, of good faith is a classic question of fact, one more properly decided on summary judgment. *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 637 (7th Cir. 2001).

Plaintiff has alleged that she engaged in statutorily protected activity, that Defendants took materially adverse action against her, and that there was but-for causation between the two. (ECF No. 5 at 8). The facts may not bear out those allegations. Indeed, the facts as currently presented do not. But it is not the Court's duty, at this stage, to evaluate Plaintiff's claim. Its only job is to determine whether Plaintiff has stated a claim that is plausible on its face. She has done that much.

C.   *Defamation*

Plaintiff has also alleged defamation against her coach and a school board member, stemming from their statements that Plaintiff grabbed the coach's butt. Defendant raises several arguments to obtain judgment on the defamation claim, none of which the Court finds compelling.

Defendants first argue that Plaintiff has failed to plead her defamation claim with the required specificity. But, as Plaintiff points out, a plaintiff bringing a defamation claim in federal court "is entitled to the usual rules for notice pleading established by Rule 8." *Rivera v. Allstate Ins.*, 140 F. Supp. 3d 722, 728 (N.D. Ill. 2015) (quoting *Muzikowski v. Paramount Pictures Corp.*,

3

322 F.3d 918, 926 (7th Cir. 2003)). Plaintiff need only allege facts that "adequately appraises defendants of the substance of the allegedly defamatory statements," and the rest can be developed in discovery. *Rivera*, 140 F. Supp. 3d at 727. Plaintiff has alleged enough, so the lack of a verbatim recitation of the allegedly defamatory statement is not fatal.

Defendants also raise factual defenses to the defamation claim. They argue that the statements were "of opinion or subjective feeling," and that they had a qualified privilege to make the statements. But these are affirmative defenses to a defamation claim. *Bals v. Verduzco*, 600 N.E.2d 1353, 1356 (Ind. 1992). Plaintiff need not have anticipated these defenses in filing her complaint, so the only question is whether Plaintiff pleaded herself out of court. *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). She hasn't, so the motion for judgment on the pleading cannot be granted. An evaluation of these defenses must wait for discovery and summary judgment.

**III.   Conclusion**

For these reasons, Defendant's motion for judgment on the pleadings (ECF No. 30) is DENIED.

SO ORDERED on April 25, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT